HAZOURI, J.
George Mamak and the Palm Beach Gardens Police Pension Fund Board of Trustees (“Board”), defendants below, appeal from the Amended Final Judgment entered in favor of Mitchell J. Beers, P.A. (“Beers”) on Beers’s complaint for breach of contract. We reverse the judgment entered against the Board and, with respect to Mamak, we affirm the judgment for breach of contract but remand for a rede-termination of the amount of fees as discussed below.
Mamak, a police officer employed by the city of Palm Beach Gardens, applied for a duty disability pension under the terms of the city’s pension plan. His initial application was denied. He timely appealed that decision entitling him to a hearing before the Board. Mamak hired Beers to represent him at the hearing and signed a contract for Beers’s services. The contract provided for a partial contingency fee. Mamak was to reimburse Beers at an hourly rate of $100 per hour plus a 20 percent contingency of amounts recovered. In addition, Mamak agreed to pay the costs of pursuing his claim. Mamak paid Beers a retainer of $10,000. At the hearing before the Board, sufficient medical evidence was presented to persuade the Board to reverse its prior decision thereby granting Mamak his duty disability pension.
A few weeks later, Beers wrote a letter to the Board’s attorney claiming that Ma-mak was entitled to attorney’s fees from the Board as the prevailing party, citing section 185.40, Florida Statutes (1997),[1] and certain case law which Beers asserted supported Mamak’s claim. The Board’s attorney reported Beers’s request to the Board and the Board denied the request.
When Mamak refused to pay the fees Beers claimed he owed, Beers filed his complaint alleging that Mamak failed to pay the attorney’s fees that were due under the contract. Beers spent a total of 50.15 hours representing Mamak and incurred costs of $4,219.39. Beers also alleged that he was entitled to the present value of 20 percent of the total value of the disability pension to be paid to Mamak over his lifetime. Mamak filed his answer denying he owed the fees claimed and also filed a counterclaim alleging Beers breached their contract for services by failing to seek attorney’s fees and costs from the Board.
Both parties filed motions for summary judgment. After a hearing, the trial court granted Beers’s motion and found that Beers was entitled to damages in his action for breach of contract but found that issues of fact remained as to the amount of attorney’s fee due. The trial court denied Mamak’s motion.
Thereafter, Beers filed his motion for summary judgment on the amount of fees to which he was entitled. The trial court reviewed the affidavits submitted by Beers, including the affidavit of a forensic economist, Bernard F. Pettingill, Jr., Ph.D. *913 Pettingill calculated the total pension benefits derived from a monthly payment of $1,833 over a 25.9 year life expectancy, calculated the 20 percent contingent fee, and then determined the present value of the contingent fee to be $52,988. In the trial court’s order awarding Beers $59,727, the trial court awarded the $52,988 based upon future disability payments plus 20 percent of the payments received by Ma-mak from the date payments began until the date of the order granting entitlement to fees.
Mamak subsequently moved to amend his counterclaim and asked the court to determine his right to recover attorney’s fees from the Board. As the Board was not a party, Beers filed a motion which asked the court to find that the Board was a necessary party if it found that Mamak was entitled to fees under section 185.40. The trial court ruled that Mamak was entitled to fees and then granted Beers leave to add the Board as a necessary party. Beers filed its Amended Complaint including the Board as a party and in a new count claimed the fees to which Ma-mak was entitled from the Board are owed to Beers. After the Board answered, Beers filed his motion for summary judgment against the Board asserting that he was entitled to judgment as a matter of law under section 185.40.
The trial court granted Beers’s motion and found as a matter of law that the Board was liable for Mamak’s fee under section 185.40. Upon a subsequent motion by Beers and a hearing to determine the portion of the fee due that was to be paid by the Board, the trial court found the Board responsible for $28,207.37 which would offset the amount Mamak was ordered to pay, leaving Mamak liable for a balance of $27,300.24. Both the Board and Mamak appealed.
The Board asserts several issues on appeal but we limit our discussion to only one: whether section 185.40 (now section 185.05(5)) is applicable to proceedings before the Board. The statute provides:
In any judicial proceeding or administrative proceeding under chapter 120 brought under or pursuant to the provisions of this chapter, the prevailing party shall be entitled to recover the costs thereof, together with reasonable attorney’s fees.
The question for our determination is whether the proceeding before the Board was a “judicial proceeding”[2] which, if it were, would entitle Mamak to recover his fees and costs. Mamak and Beers acknowledge that the proceeding before the Board was not a judicial proceeding. They contend, however, that the hearing before the Board is “quasi-judicial,” and therefore section 185.40 should be construed to include the hearing before the Board. We disagree.
In Rollins v. Pizzarelli, 761 So.2d 294 (Fla.2000), the supreme court held:
The Legislature’s intent must be determined primarily from the language of the statute. Accordingly, “[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.”
Id. at 297 (citations omitted). A plain reading of section 185.40 indicates that the prevailing party in any judicial proceeding *914 under chapter 185 is entitled to attorney’s fees and costs. Had the legislature intended to include “quasi-judicial” proceedings, it could have easily done so. We hold that the plain meaning of “judicial proceeding” does not include proceedings before the Board. We reverse the judgment for attorney’s fees and costs entered against the Board and remand for dismissal of the claim against it.
Mamak argues in his appeal that the trial court erred in awarding attorney’s fees in the amount of $59,727.20 to Beers on his breach of contract claim. The trial court correctly determined that Mamak had breached the contract[3] and was liable to Beers for a partial contingent fee. We find, however, that under the terms of this contract, Beers was only entitled to “a percentage of the amount recovered” and “20% of any recovery.” Thus, since Ma-mak has not recovered the future pension payments and is only entitled to monthly payments of his pension until his death, he has not recovered the total of his pension payments that he will receive during his lifetime. Beers is entitled to attorney’s fees only as Mamak recovers his monthly pension payments. Otherwise, Beers could collect fees on payments never collected by Mamak should he not live the 25.9 years projected by Dr. Pettingill. Beers earns his fee only as Mamak collects his payments.
We also note that the hourly retainer paid by Mamak should be an offset against the hourly fees and the costs incurred, resulting in a credit of $765.61 for Mamak.
Additionally, the trial court awarded Beers attorney’s fees for the cause of action before it based upon a demand for judgment filed under section 768.79, Florida Statutes (1997). Based upon our decision herein, the amount to which Beers is entitled is not 25 percent more than his demand for judgment. As a result, Beers is not entitled to fees under section 768.79.
In view of the foregoing, the judgment against the Board is reversed. We also reverse the amount of the judgment against Mamak. This cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
POLEN, C.J., and KLEIN, J., concur.

. This section was repealed in 1999 and added to section 185.05(5), Florida Statutes (1999).

. Both parties agree that the proceeding was not an administrative proceeding under chapter 120.

. Mamak conceded at oral argument that if this court ruled that Mamak was not entitled to attorney's fees under section 185.40, Beers was not in breach of the contract as Mamak alleged in his counterclaim.